## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **MADISON L. ANDREWS, THOMAS E. ANDREWS, and THOMAS EARL ANDREWS,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**RUTHELLEN A. SHEFLIN, et al.,**<br><br>    **Defendants.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:20-cv-00667-JNP**<br><br>**District Judge Jill N. Parrish** |

Plaintiffs Madison L. Andrews ("Madison"), Thomas E. Andrews ("Thomas E."),[1] and Thomas Earl Andrews ("Thomas Earl") (collectively, "Plaintiffs") commenced this action on September 22, 2020 by filing a pro se complaint with the court.[2] Although their precise claims are unclear, Plaintiffs' complaint primarily appears to consist of breach-of-contract-type claims, along with civil conspiracy, elder abuse, fraud, and conversion claims, asserted against eight defendants, either individually or in some combination. Along with their complaint, Plaintiffs also submitted three applications to proceed *in forma pauperis* ("IFP").[3] This matter is before the court on Plaintiffs' applications to proceed IFP.

---

[1] Thomas E. is presently incarcerated.

[2] Plaintiffs are related: Thomas Earl is the father of Thomas E. and the grandfather of Madison.

[3] ECF Nos. 1, 2, 3.

Magistrate judges have no authority to enter an order denying a motion to proceed without prepayment of fees because such a ruling is considered dispositive. *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Instead, a magistrate judge can issue only a report and recommendation on such a motion. Fed. R. Civ. P. 72(b). Therefore, the following Report and Recommendation regarding Plaintiffs' applications to proceed IFP recommends denying their requests.

### REPORT

A civil action is commenced in federal district court "by filing a complaint." Fed. R. Civ. P. 3. The filing fee of $400.00 must also be paid at the time an action is commenced, unless a completed IFP application is submitted to the court demonstrating a financial inability to pay. 28 U.S.C. §§ 1914(a), 1915(a). Civil actions brought IFP are governed by 28 U.S.C. § 1915.

Under section 1915, a non-incarcerated plaintiff can proceed without payment of fees if the court finds that the plaintiff is indigent. *Lister*, 408 F.3d at 1312. Proceeding IFP in a civil case "is a privilege, not a right." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under section 1915 lies within the "sound discretion of the trial court." *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999). To succeed on a motion to proceed IFP, a plaintiff must show a financial inability to pay the required filing fee. *Lister*, 408 F.3d at 1312; *see also United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006). Although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed IFP, each plaintiff must qualify for IFP status. *See, e.g.*, *Moreland v. Jones*, No. 918-CV-0181-BKS-DJS, 2018 WL 1726352, at *3 (N.D.N.Y. Apr. 6, 2018); *Zaragoza v. Litton Loan Servicing*, No. 1:10-CV-4117-RWS-AJB, 2011 WL 13319891, at *1 (N.D. Ga. Jan. 28, 2011).

The court recommends denying Plaintiffs' request to initiate this case without payment of fees because not all Plaintiffs qualify for IFP status in this case. Specifically, Thomas Earl's sworn IFP application presents an applicant who does not approach the level of poverty that would make him eligible to proceed IFP. He reports that his net monthly income is $5,814.42 and he does not have dependents.[4] He also reports approximately $102 in savings, and his asset list includes a house and a truck. Thomas Earl's monthly expenses, including mortgage, utilities, telephone,[5] insurance, multiple car payments, medical bills, and his son's restitution payment, total approximately $5,305. On the whole, the court concludes that the Treasury should not bear the costs of this litigation when Thomas Earl's income exceeds his expenses by $507 and he has cash savings and assets. The IFP statute was not meant to reach individuals like those in Thomas Earl's situation. The court also observes that this is the eighth lawsuit Plaintiffs have filed in this court since 2019.[6] The court fails to see—and Plaintiffs do not explain—why they could afford

---

[4] Madison's application states that he resides with grandfather, Thomas Earl, while attending college. Other than that, Thomas Earl has not identified any minor children or grandchildren that are legally dependent on him for support. Assuming, based on this information, that Thomas Earl's yearly net income is $69,773.04, this income amount well exceeds the official guidelines for a household of his size. *See* U.S. Department of Health & Human Services, Office of the Assistant Secretary for Planning and Evaluation *Poverty Guidelines*, https://aspe.hhs.gov/poverty-guidelines (last visited November 4, 2020) (listing the applicable poverty guideline for a household of one as $12,740).

[5] He reports a Verizon bill of $678 a month.

[6] *Andrews v. Sperry et al.*, Case No. 2:20-cv-00078-DB-DBP; *Andrews v. Michalski et al.*, Case No. 2:19-cv-00864-DAK; *Andrews v. Andrews*, Case No. 4:19-cv-00091-DN-PK; *Andrews et al. v. Joyce et al.*, Case No. 2:19-cv-00833-TS-JCB; *Andrews et al. v. Ludlow et al.*, Case No. 2:19-cv-00287-TC; *Andrews et al. v. Thomas et al.*, Case No. 2:19-cv-00141-JNP-JCB; *Andrews et al. v. Wade et al.*, Case No. 1:19-cv-00015-DAK.

filing fees in the previous seven cases, but, in this case, they are now unable to pay. For those

reasons, the court recommends denying Plaintiffs' request to proceed without payment of fees.

       Another problem with the instant IFP request is that Thomas E. is incarcerated and,

therefore, his filing fee cannot be waived. When a civil action is commenced by a prisoner,

additional restrictions are imposed by the Prisoner Litigation Reform Act, 28 U.S.C. § 1915. One

such restriction is set forth in section 1915(b)(1), which states that, "if a prisoner brings a civil

action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount

of a filing fee." 28 U.S.C. § 1915(b)(1). In accordance with the statute, the filing fee is paid over

time from funds available in the plaintiff's prison account. *Id*.; *Green v. Nottingham*, 90 F.3d

415, 416 (10th Cir. 1996). Because the court denies IFP status for above noted reasons, the court

need not address the prisoner-IFP application that Thomas E. filed in this case. However, going

forward, Thomas E. should be aware that if he brings a civil action IFP as a prisoner, he is

required to pay the filing fee and funds will be deducted from his prison account until the amount

is paid in full.

### RECOMMENDATION

       Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court

**DENY** Plaintiffs' applications to proceed IFP.[7] If the District Court adopts this recommendation,

the undersigned **FURTHER RECOMMENDS** that Plaintiffs be ordered to pay the filing and

administrative fees to the Clerk of Court within 14 days of the District Court's adoption of the

---

[7] ECF Nos. 1, 2, 3.

undersigned's recommendation, if they wish to proceed with this action; and that they be advised that failure to do so will result in immediate dismissal of this action.

* * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 9th day of November 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge